UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA K. MAYS,

    Plaintiff,

v.                                                      Case No: 8:18-cv-01867-JSM-JSS

ERIKA MATTHEWS and JAN-PRO
CLEANING SYSTEMS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*. (Dkt. 2.) Upon consideration, it is recommended that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* be denied and that Plaintiff's Complaint be dismissed without prejudice.

    Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). However, when an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Upon review of the Motion, it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case. However, Plaintiff's Complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Under Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In this case, Plaintiff fails to provide a statement of the grounds for the Court's jurisdiction, a statement of the claim, or a demand for the relief sought. (Dkt. 1.)

Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more

carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice") (internal quotation and citation omitted).  The undersigned recommends that the amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on September 26, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James S. Moody, Jr.
Counsel of Record
Unrepresented Party